IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ARTURO SILVA,**[1] ID # 1986356,  §<br>§<br>Petitioner,  §<br>§<br>v.  §<br>§<br>**DIRECTOR, TDCJ-CID,**  §<br>§<br>Respondent.  § | Civil Action No. **3:18-CV-49-L** |

## ORDER

On February 2, 2021, United States Magistrate Judge Irma Carrillo Ramirez entered her Findings, Conclusions, and Recommendation ("Report") (Doc. 25), recommending that The Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 3) be denied with prejudice. In his Petition, Petitioner asserts claims of illegal search and seizure in violation of the Fourth Amendment to the United States Constitution and ineffective assistance of counsel. Petitioner did not file any objections within the 14-day period allowed under applicable law, or request an extension of time to do so.

After considering the Petition, record, Report, and applicable law, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** the Petition and **dismisses with prejudice** this action and all claims asserted by Petitioner.

---

[1] **The style of the Petition lists Petitioner's name as "Auturo" Silva, but he signed it as "Arturo" Silva. The court believes that Petitioner is the best person to know the correct spelling of his first name. Accordingly, the court directs the clerk of court to amend the docket sheet and spell Petitioner's first name as "Arturo."**

**Order – Page 1**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 253(c), the court **denies** a certificate of appealability.[2]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report filed in this case.  In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 8th day of March, 2021.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

**(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**